DOE d. JOSEPH JACKSON v. BENJAMIN COLLINS, tenant in possession.

In an action of ejectment to recover an estate for life as tenant by the curtesy, the marriage of the plaintiff to his deceased wife, may be proved by facts and circumstances, such as cohabitation as man and wife lawfully married to each other, proclaiming and representing themselves uniformly to be so, and visiting and being received, recognized and entertained among their relatives, friends and acquaintances as such.

This was an action of ejectment for three hundred acres

of land in Cedar Creek Hundred. The defendant was
but a tenant of the premises, the real defendant being
William Dennison in right of his wife Elizabeth Den-
nison, previously Elizabeth Raughley, and to which both
of the parties derived their title from the same source.
Joseph Jackson, the plaintiff, claimed title to the prem-
ises as tenant by the curtesy for the term of his life, as
the surviving husband of his late wife Mary Ann Jack-
son, formerly, Mary Ann Raughley deceased; Dennison
and his wife claiming in right of the wife, as the only
heir at law of her mother, the said Mary Ann Jackson
*alias* Mary Ann Raughley deceased. There was no dis-
pute as to the title in fee of Mary Ann Jackson, to the
premises in question, but the proof was that she was
originally married to one Elijah Raughley by whom she
had one child, Elizabeth Raughley, now Elizabeth Den-
nison, the wife of the real defendant, and that Mary Ann
Raughley her mother, was afterwards divorced from her
father, by a decree of the Court in Philadelphia, where
they then resided, and that she afterwards visited among
her relations and friends in this county with Jackson the
plaintiff, whom she represented to be then her lawful
husband, and they were received and entertained by them,
as man and wife, and they passed as such wherever they
visited in the county. It was also proved on the trial by
the depositions of several witnesses taken in Philadelphia,
that they had lived and cohabited there as man and wife
for several years and up to the time of her death; that
they had been received and recognized among their
friends and relations, as man and wife, and had uniformly
proclaimed and represented themselves as such, and that
she had during the time borne two children by him born
alive; but they failed to establish their actual marriage
by the evidence of any witness to the fact. On the con-
trary, it was proved by a witness called for the defence,
that during the time they were living together as man
and wife in 1844, he was in Philadelphia, and went with
Jackson the plaintiff to Mr. Dickerson, a lawyer, about

17

the land in dispute at the present time, and in their conversation, Mr. Dickerson asked Jackson, if he was married to Mary Ann Raughley, and he said be was and had two children by her.   Mr. Dickerson then asked him, if he did not want him to get a divorce for him of Mary Ann Raughley from Elijah Raughley, and he said he did. Mr. Dickerson then said to him if the Court should find out that he was living in adultery with her and that Raughley was also living in adultery with another woman, the divorce could not be obtained.   At another time in a conversation which he had with Jackson, he said it would be a difficult thing for the lawyers in Delaware to prove that he was not married to her.   At another time after that, in a conversation with him, he said that his children by her were as much her children as Elizabeth Raughly, now Elizabeth Dennison was, and if they were not married, they were still her children, as much so, as Elizabeth Dennison was, and ought to have a part of her land in Delaware.

*W. Saulsbury,* for the plaintiff, cited 2 *Kent Com.* 86. *Senser et al. v. Bower et al.* 1 *Penn. Rep.* 450.   4 *Barr* 145. *Thornwell v. Morrison,* 1 *Casey* 327, in support of the position he assumed and the right of the plaintiff to recover, that in a civil action, except for adultery, it was not necessary to prove the marriage by one who witnessed the ceremony, but it might be established by the acknowledgments, or even by the cohabitation of the parties as man and wife.

*C. S. Layton,* for the defendant, replied and relied on the evidence in the case, to disprove any legal marriage between the plaintiff and the mother of Elizabeth Dennison, Mary Ann Raughley deceased.

*The Court, Gilpin, Ch. J., charged the jury:* The real plaintiff and the real defendant in the action claimed the land in question under the same person, the former as

tenant by the curtesy for the term of his life, as the sur-
viving husband of Mary Ann Raughley, or Mary Ann
Jackson deceased, and the latter, who denies the marriage
or the legal validity of it, provided any has been proved,
between the plaintiff and her mother, the late Elizabeth
Raughley deceased, as her only legitimate child and heir
at law in fee. On behalf of the plaintiff it is alleged that
he was the lawful husband of the mother of the real de-
fendant Elizabeth Dennison, for several years previous to
and at the time of her decease, and that he had one or
two children born of her during their marriage, and
capable of inheriting her estate, and that by virtue of
this marriage and the birth of these children and heirs
of their mother, he is entitled to the whole premises for
the term of his natural life, as tenant by the curtesy; and
if he has established or proved these facts to the satis-
faction of the jury, he was so entitled to recover them.
But on the part of the defendant this is denied, because
it is alleged that they never were lawfully married in
point of fact, and though they cohabited and lived to-
gether as such, the legal relation of husband and wife
never existed between them, and that consequently on
the death of Mary Ann Raughley, her mother, the lands
immediately descended to her as her only heir at law.

To entitle a plaintiff to recover in an action like this,
as tenant by the curtesy for the term of his life on the
death of his wife, of her real estate, it is incumbent upon
him to prove to the satisfaction of the jury, first, that he
was lawfully married to her, secondly, that his wife was
seized or possessed of an estate of inheritance in the lands
in question during their marriage, and in the next place,
that he had issue, or a child, or children born alive by her,
capable of succeeding to, or inheriting the land, or a por-
tion of it as her heir or heirs at law upon her death, and
lastly her death; and if he has failed in any one of these
particulars to establish it to the satisfaction of the jury,
he is not entitled to such an estate in the lands, and can-
not recover in the action. The case, however, before the

Court, and so far as the evidence in it was concerned, involved the consideration and determination by the jury of two facts merely, for there was no dispute between the parties that Mary Ann Raughley, or Mary Ann Jackson during the time she and the plaintiff lived together as man and wife and up to the time of her death, was seized and possessed of the whole premises in fee by her tenants, and that she had one or two children born alive by him during the time, and that she is now dead. Her divorce from Elijah Raughley has also been sufficiently proved, but whether it was decreed before, or after her cohabitation commenced with the plaintiff, it was for the jury to decide from all the evidence before them. The two leading questions of fact before adverted to, however, for the jury to decide were, first, were the plaintiff Joseph Jackson and Mary Ann Raughley ever lawfully married, or did the relation of husband and wife in contemplation of law, ever in fact exist between them, upon all the evidence before them touching that point? and secondly, if they were lawfully married, were their children, or either one of them born in lawful wedlock, that is to say, after a lawful marriage had been contracted between them? For if they were both born either before the divorce of their mother from Elijah Raughley, or before her lawful marriage, if it ever occurred, to the plaintiff, then he was not entitled to an estate by the curtesy in the premises, for they would in either case both be children of illegitimate birth in the eye of the law, and would of course be incapable of succeeding as heirs to any part of the estate of their mother on her death. But if the jury should be satisfied from the evidence, that the plaintiff and the mother were lawfully married subsequent to her divorce from Raughley, (for if they had been married before that divorce, it would have been an illegal and invalid marriage between them) and their children, or either of them, were born in lawful wedlock, or after such lawful marriage between them, then the plaintiff had made out his case, and would be

entitled to their verdict; but if both, or either of these points was not established to their satisfaction, then he could not recover.

Marriage in contemplation of the common law is a civil contract, but it can only be contracted by some positive act, or ceremony, or solemnization recognized by the law of the place where it is entered into. But notwithstanding it must be so contracted, it is not in all cases necessary that the fact of its having been contracted should be susceptible of direct and positive proof, as by a person who was present at the time and witnessed the ceremony. Ordinarily, it may be proved by secondary, or circumstantial evidence, and in a case like the present, a lawful marriage between the plaintiff and Mary Ann Raughley may be inferred, or presumed by the jury from the facts and circumstances proved, that they lived and cohabited together as man and wife lawfully married to each other, proclaimed and represented themselves uniformly to be so, and visited together and were received, recognized and entertained among their relatives, friends and acquaintances as such, if in the judgment of the jury all the evidence in the case bearing upon the point, should warrant such a conclusion. But they must be satisfied that there was a lawful marriage between them, and that afterwards there was at least a child born alive to them in lawful wedlock, or the plaintiff could not recover.